## SUPREME COURT.

### THE PEOPLE agt. PETER DONNELLY.

An application to a *court of sessions* for a *new trial*, upon the merits, or for irregularity, or for newly discovered evidence, must be made *before judgment*.

*Brooklyn General Term, Second District May*, 1861.
*Before* EMOTT, BROWN *and* SCRUGHAM, *Justices.*
CERTIORARI to the court of sessions of Kings county.

JOHN WINSLOW, *district attorney, for the people.*
BRITTON & ELY, *for prisoner.*

EMOTT, Justice.    This case comes before us upon a certiorari sued out by the district attorney, and issued to the court of sessions of Kings county.    By the return it appears that the prisoner was indicted, tried and convicted of an assault with intent to commit a robbery.    Judgment was then given, and he was sentenced to imprisonment in a state prison for three years.    After this, on the application of the prisoner, the judgment was set aside, and a new trial granted for certain irregularities, which the court of sessions considered fatal to the conviction, but which, in the

People agt. Donnelly.

view I take of the case, it is unnecessary particularly to consider.

The prisoner's counsel contends that the order of the sessions, granting a new trial, cannot be reversed by this court on certiorari; and he argued that the granting or refusing a new trial in such a case was a matter of discretion, which could not be reviewed at all. It is true that a writ of error would bring before us only the judgment; or, if that were legally set aside, or there was no judgment, a writ of error would not lie. The certiorari in criminal cases, authorized by the statute (2 *R. S.*, 736, §§ 23, 27, 741, §§ 23, 27,) is a proceeding before judgment; and it is undoubtedly true that, after judgment, the proceedings at a trial can only be reviewed by a writ of error, the return to which will bring up the bill of exceptions.

But the present writ is not the statutory certiorari. This court possesses a general supervisory power over all inferior courts and jurisdictions, which it exercises by the writ of certiorari; and this will go in criminal as well as civil proceedings, especially where, as in this case, a new jurisdiction has been created by statute.

Its only office and effect, however, is to bring before us jurisdictional questions. If the court or tribunal, whose proceeding is under review, has acted within its jurisdiction, we have no power, upon a common law certiorari, to reverse what it has done for any erroneous or improvident decisions in matters of law or of fact, which may appear to have been made. In the present case we cannot review the exercise of its discretion, by the court of sessions in making this order, or consider whether there was sufficient cause or irregularity shown for so doing. The only question before us is, whether it had jurisdiction to do so.

I am of opinion that it had no jurisdiction to make this order, although the point was not suggested by the district attorney. The power under which the court claimed to act is contained in § 3 of chap. 769 of the laws of 1857,

October 2d, p. 703. The second subdivision of the section confers upon courts of sessions the power " to grant new trials upon the merits, or for irregularity, or on the ground of newly discovered evidence in all cases tried before them." This is a power which is not possessed by the oyer and terminer, the highest criminal court in this state, and which possesses exclusive jurisdiction to try the highest offences against the law. It would appear to a person not familiar with the general character of our legislation an absurd and incongruous provision, and it should be strictly construed. Courts of civil jurisdiction possess a similar power to grant new trials ; but we have held that this power must be exercised before judgment.

After judgment has been entered the court of original jurisdiction has no power to vacate or remove it, except for irregularities in the judgment itself, and not for any error or irregularity on the trial or in the proceedings before judgment. The same rule must be held in criminal cases. An application to a court of sessions for a new trial upon the merits, or for irregularity, or for newly .discovered evidence, must be made before judgment. The statute conferring the power to grant a new trial does not give power to set aside a judgment regularly entered. The alleged irregularities at the trial in the present case do not affect the judgment in itself; that was regular and duly given and entered. After the judgment the court had no longer jurisdiction to grant a new trial for any of the causes specified in the statute. The only remedy to correct any errors was by bringing the record before another tribunal. It will be seen that any other construction of the statute would open the door to great abuses. Such an application may as well be made at one time as at another. Any delay in making it might be excused, as it would only be for the discretion of the court to say whether the motion should be entertained. A prisoner might be released from the penalty of his crime by this summary proceeding, long after

he had lost the right to review his conviction by a writ of error, and after the evidence of his guilt had been lost or removed. Besides, unless the appeal given by this statute of 1857 will lie from such an order, which is, perhaps, doubtful, there would not seem to be any mode of reviewing or correcting errors of law or fact committed upon such an application, and an absolute power would thus in effect be conferred upon an inferior court to control the administration of justice.

I am of opinion that the court of sessions possessed no jurisdiction to make this order after judgment, and that it should be reversed and the judgment restored.